19 F.3d 1428
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FIRST LIBERTY NATIONAL BANK, Plaintiff-Appellee,
v.
C.V.G. Krishna RAO, Doctor, Defendant-Appellant,
and
Sudhir ARORA, Doctor, Defendant.
 No. 93-1296.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 7, 1994.
Decided March 25, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., Chief District Judge. (CA-92-2958-B)
 Argued Durvasula S. Sastri, Law Offices of Shamala J. Bhat, P.C., Silver Spring, MD, for appellant.
 Valerie Perrin Morrison, Gold & Stanley, P.C., Alexandria, VA, for appellee.
 Shamala J. Bhat, Law Offices of Shamala J. Bhat, P.C., Silver Spring, MD, for appellant.
 H. Jason Gold, Loraine E. O'Hanlon, Gold & Stanley, P.C., Alexandria, VA, for appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 This case requires us to decide whether a defendant met his summary judgment burden of producing sufficient evidence showing that a novation released him from a loan obligation. Because the defendant failed to present any genuine issue with respect to the claimed novation, we affirm the district court's grant of summary judgment to plaintiff.
 
 I.
 
 2
 In July 1989, appellant Dr. C.V.G. Krishna Rao, along with Dr. Sudhir Arora, purchased a condominium unit in Bowie, Maryland. They intended to use the unit for their radiology practice. In order to finance the purchase, Rao and Arora executed a promissory note with the First Liberty National Bank in Washington, D.C., for the sum of $364,000. That debt was secured by a deed of trust in the condo unit.
 
 
 3
 The note was in default by November 1991. After the default, First Liberty attempted to negotiate a modification of the loan agreement with Rao and Arora but was unsuccessful. The Bank therefore accelerated the note in July 1992 and subsequently filed suit against Rao and Arora in the U.S. District Court for the District of Columbia.*
 
 
 4
 The Bank's suit against Rao and Arora sought recovery of the money due it under the note, plus interest and other charges. The suit was transferred to U.S. District Court in Maryland in September, and a hearing on First Liberty's motion for summary judgment occurred in February 1993. In opposing the motion, Rao and Arora argued that material issues of disputed fact existed regarding 1) whether a novation had occurred, thereby terminating their obligations on the note, and 2) whether the bank, by its April attempt to negotiate a modification of the loan, had discharged them from their obligations under the note.
 
 
 5
 The district court rejected both these contentions, granting summary judgment in favor of First Liberty. Rao alone now appeals, claiming that both the question of novation and of discharge should have proceeded to trial.
 
 II.
 
 6
 On appeal, Rao first contends that the district court erred by failing to accord more weight to the evidence presented in support of his novation defense. Rao maintains that in April 1991, another party, Dr. Rajan Sood, purchased the property and assumed all obligations under the note. This understanding with Sood, Rao argues, is plainly memorialized in an "Assignment and Assumption Agreement." Indeed, Rao concludes, Sood must have assumed the obligation because he actually made several payments on the note.
 
 
 7
 We are unpersuaded. Under Maryland law, "[a] novation is never presumed; the party asserting it must establish clearly and satisfactorily that there was an intention, concurred in by all the parties, that the existing obligation be discharged by the new obligation." Dahl v. Brunswick Corp., 356 A.2d 221, 227 (Md.1976) (quoting I.W. Berman Prop. v. Porter Bros., Inc., 344 A.2d 65, 70 (Md.1975)). The evidence Rao has put forth does not suffice to create a disputed issue of material fact under this standard. Indeed, the Assignment and Assumption Agreement specifically states that the "liability of the undersigned on the said Note shall not be affected" by the agreement. Rao has provided no interpretation of this language consistent with his claim that a novation occurred, nor could he do so. The language means exactly what it says, namely that Rao remained bound to pay off the note.
 
 
 8
 Rao's novation defense is inadequate in another way as well. The trust agreement Rao signed with First Liberty provides that Rao would be liable for payments on the note "unless expressly released and discharged in writing" by the Bank. It is undisputed that First Liberty never provided Rao with a writing indicating that he had been discharged from his obligations. Without such a document, Rao cannot hope to avoid summary judgment.
 
 III.
 
 9
 Rao's discharge defense is subject to similar deficiencies. Rao maintains that the Bank's attempt to negotiate a modification on the defaulted note in April 1992 discharged any obligations he had under the note. However, all the relevant correspondence between the Bank and Rao indicates that the negotiations contemplated only alterations in the terms of payment, not in Rao's obligation to make those payments. Furthermore, the original note agreement specifically gives the Bank the right to, among other things, "extend the time for payment," "reduce the payments," and "modify the rate of interest or period of amortization or principal due date of this Note" without having any of those actions release Rao from his liability under the note. We fail to see how unconsummated negotiations regarding modifications in Rao's payment obligations could discharge his liabilities here.
 
 IV.
 
 10
 Finally, Rao contends that the district court acted inappropriately in ruling on the Bank's summary judgment motion before the discovery cutoff date set by the court. This claim also lacks merit. Rao had almost three months to conduct discovery after First Liberty filed its motion but apparently made no attempts to do so. More relevantly, Rao did not make the filings necessary to support his claim. In opposing summary judgment, a party may present affidavits to demonstrate that it cannot yet set forth the "facts essential to justify the party's opposition." Fed.R.Civ.P. 56(f). Here, Rao failed to provide such affidavits and the district court was well within its discretion in proceeding to summary judgment in the absence of the requisite showing by Rao that more time was needed to prepare his defense.
 
 V.
 
 11
 For the foregoing reasons, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 First Liberty also notified Rao and Arora that the condo unit would be foreclosed on and sold. This sale occurred at the end of August, and the property was sold for $100,000